UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Mary Sterrett,

    Plaintiff,

vs.

Sanford Airport Authority,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MARY STERRETT, sues Defendant, SANFORD AIRPORT AUTHORITY, and shows:

### Introduction

1. This is an action by MARY STERRETT against her current employer for unpaid overtime and unpaid wages pursuant to the Fair Labor Standards Act and Florida law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207 and Florida law. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Middle District of Florida, which is where venue is proper.

## Parties and General Allegations

4. Plaintiff, MARY STERRETT, (hereinafter "STERRETT") a resident of Orange County, was at all times material, employed by SANFORD AIRPORT AUTHORITY, as an hourly operations coordinator, is an employee as defined by 29 U.S.C. § 203(e), and during her employment with SANFORD AIRPORT AUTHORITY, and was engaged in commerce or in the production of goods for commerce.

5. Defendant, SANFORD AIRPORT AUTHORITY (hereinafter, "SAA"), is a public transit/airport authority organized under the laws of the State of Florida. SAA is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where STERRETT was employed. At all times pertinent to this Complaint, SAA operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and SAA obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do

their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

### Count I – Violation of FLSA by Defendant SAA – Overtime

6. Plaintiff, MARY STERRETT, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

7. Since on or about February 20, 2025 up to and including the present, Defendant SAA has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically STERRETT, since February 20, 2025, has worked in excess of 40 hours a week most weeks of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed, as SAA has a policy of automatically deducting 30 minutes daily from its employees' compensable hours for a meal break that STERRETT was not able to take because of the workload. Thus, during most workweeks, STERRETT worked an additional 2.5 hours weekly without compensation.

8. The failure to pay overtime compensation to STERRETT is unlawful in that she is not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither is a bona fide executive, administrative or professional employee.

9. SAA's actions were willful and purposeful as it is well aware of the following;

    a. STERRETT is non-exempt;

    b. STERRETT has complained about not being able to take a bona fide uninterrupted meal break;

    c. STERRETT has complained about her compensable time being docked for 30 minutes; and,

    d. STERRETT is working hours for which she is not receiving compensation.

10. STERRETT is entitled pursuant to 29 U.S.C. § 216(b), to recover from SAA:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, MARY STERRETT, prays that this Court will grant judgment against Defendant SAA:

    a. awarding STERRETT payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

    b. awarding STERRETT an additional equal amount as liquidated damages;

      c.    awarding STERRETT her costs, including a reasonable attorney's fee; and

      d.    granting such other and further relief as is just.

### Count II – Unpaid Wages – Non-Overtime Wages

11. Plaintiff, MARY STERRETT, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 10 above.

12. Due to holidays and other days that STERRETT may not have worked a full day, there may be workweeks where STERRETT did not work overtime, but still was not paid for all of her hours worked.

13. STERRETT agreed to work for SAA for an hourly rate for all hours worked.

14. The failure to pay STERRETT her agreed upon wage for all hours worked entitles her to be compensated in full for the same.

15. STERRETT is entitled to attorney's fees and costs pursuant to Florida Statutes § 448.08.

WHEREFORE, Plaintiff, MARY STERRETT, prays that this Court will grant judgment against Defendant SAA:

      a.    awarding STERRETT payment of all unpaid wages found by the court to be due to her under the Florida law, including pre-judgment interest;

      b.    awarding STERRETT her costs, including a reasonable attorney's fee; and

      c.    granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: May 16, 2025
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for MARY STERRETT*